THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR LETTER ASKING FOR AN ATTORNEY GENERAL'S OPINION CONCERNING DISABILITY BENEFITS FOR A PERSON IN A COUNTY EMPLOYEE'S RETIREMENT SYSTEM PURSUANT TO 72 O.S. 67.13(A) (1990). BECAUSE A RESPONSE TO YOUR INQUIRY CAN BE ANSWERED VERY BRIEFLY BY REFERENCE TO THE APPLICABLE STATUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL DOES NOT APPEAR TO BE NECESSARY.
I AM ENCLOSING COPIES OF TWO LETTERS WRITTEN TO THE HONORABLE DAVID MOSS, DISTRICT ATTORNEY OF TULSA COUNTY, WHICH WERE WRITTEN LAST YEAR ON THIS SAME SUBJECT. DISTRICT ATTORNEY MOSS' QUESTION WAS SIMILAR TO YOURS, IN THAT IT ALSO PRESUMED THAT 67.13A WAS APPLICABLE TO COUNTY RETIREMENT SYSTEMS. WHILE OUR LETTERS CLEARLY POINT OUT THAT A COUNTY IS FREE TO ADOPT THIS FOR ITS SYSTEM, IT STILL REMAINS OUR OPINION THAT THIS STATUTE ONLY APPLIES TO STATE RETIREMENT SYSTEMS.
72 O.S. 67.13A ONLY REQUIRES THAT WAR VETERANS BE GIVEN UP TO FIVE YEARS ACCREDITABLE SERVICE IN THE RETIREMENT SYSTEMS WITHIN THE STATE OF OKLAHOMAN. 72 O.S. 67.13(A.) THE ONLY THING I WOULD ADD TO THE VIEWS EXPRESSED IN OUR EARLIER LETTERS IS THAT THIS STATUTE WAS THE SUBJECT OF A LAWSUIT A FEW YEARS AGO. ALLEN V. STATE EX REL., OKLAHOMA UNIFORM RETIREMENT SYSTEM FOR JUSTICES AND JUDGES, 769 P.2D 1302 (OKLA. 1988). IN THIS CASE THE OKLAHOMA SUPREME COURT TOOK IT FOR GRANTED THAT SECTION 67.13A ONLY APPLIED TO STATE RETIREMENT SYSTEMS.
"THE LEGISLATURE AMENDED 72 O.S. 1971, 67.13A (AS LAST AMENDED BY OKLA. SESS.L.1978, CH. 1), EFFECTIVE JUNE 29, 1981 TO ALLOW MILITARY SERVICE CREDIT FOR WAR VETERANS OR DISABLED MILITARY RETIREES WHO RE MEMBERS OF NY STATE RETIREMENT SYSTEM (INCLUDING URSJJ)." 769 P.2D AT 1303, 1304. (EMPHASIS ADDED)
WHILE THIS CERTAINLY CAN BE CONSTRUED AS DICTA FROM THE COURT AND NOT PART OF THE HOLDING, IT SEEMS OBVIOUS TO US THAT THE LEGISLATURE DID NOT INTEND FOR THE STATUTE TO HAVE BROADER APPLICABILITY. A BROAD READING OF THE STATUTE, AS POINTED IN THE TWO LETTERS ENCLOSED WITH THIS RESPONSE, WOULD LEAD TO THE RESULT THAT EVEN PRIVATE RETIREMENT SYSTEMS IN THE STATE OF OKLAHOMA WOULD HAVE TO GIVE THIS CREDIT. THIS DOES NOT SEEM TO BE A REASONABLE READING OF THIS LANGUAGE AND THE OKLAHOMA SUPREME COURT CERTAINLY DID NOT PRESUME IT HAD BROADER APPLICABILITY IN ALLEN WHICH WAS A CLASS ACTION LAWSUIT.
AS POINTED OUT IN OUR PREVIOUS LETTERS IT APPEARS THAT COUNTY RETIREMENT SYSTEMS HAVE FAIRLY BROAD LATITUDE IN ESTABLISHING RETIREMENT BENEFITS. 19 O.S. 952 AND 19 O.S. 956 (1990). IF THIS ISSUE IS CREATING PROBLEMS FOR A PARTICULAR COUNTY RETIREMENT SYSTEM, PERHAPS A LEGISLATIVE CHANGE WOULD BE IN ORDER. AS A PRACTICAL MATTER THERE WOULD SEEM TO BE NO REASON WHY COUNTY EMPLOYEES SHOULD BE TREATED DIFFERENTLY THAN STATE EMPLOYEES FOR PURPOSES OF RECEIVING MILITARY CREDIT.
(THOMAS L. SPENCER)